UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN HOGLUND, *et al.*,

    Plaintiffs,

    v.

SHER-BER, INC., *et al.*,

    Defendants.

Case No. C08-0267RSL

ORDER REGARDING
MOTION TO COMPEL

This matter comes before the Court on defendant's motion to compel plaintiffs to produce a copy of the videotaped recording plaintiff Jennifer Flood made at Marco's Restaurant on her last day of employment. Flood, who is one of two plaintiffs[1] in this action, accuses her former employers of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and the Washington Law Against Discrimination, RCW 49.60 *et seq*.

It is undisputed that Flood recorded a videotape on her last day of work, defendants requested any such videotapes in requests for production, and plaintiffs never

---

[1] Plaintiffs are a mother and her daughter.

ORDER REGARDING
MOTION TO COMPEL - 1

produced the videotape. Declaration of Gail Luhn, (Dkt. #15) ("Luhn Decl."), Ex. A at Requests 1 & 18. After defendants filed this motion, plaintiffs' counsel Dennis Moran filed a declaration stating that the videotape existed but has been destroyed. Declaration of Dennis Moran, (Dkt. #17) ("Moran Decl.") at ¶ 2. Because the videotape cannot be produced, the Court will not compel plaintiffs to produce it.

Two issues remain. First, defendants request a finding that the videotape should have been preserved and produced in discovery. Because defendants did not learn that the videotape had been destroyed until plaintiffs filed their response to the motion, defendants' request for a spoliation finding was made in their reply. Although the destruction of the tape is troubling, the Court is reluctant to grant requests for relief contained in a reply. Instead, defendants can file a motion requesting that relief, and the Court will consider the motion and any response from plaintiffs.

Second, defendants request an award of their attorney's fees incurred in filing this motion. As an initial matter, the Court must determine whether the parties met and conferred in good faith prior to filing this motion. If not, the motion was premature and the Court will not award fees. During Flood's deposition on September 17, 2008, she stated that she made a videotape at work and gave it to her attorneys. Flood Dep. at pp. 71-72. Defense counsel Gail Luhn requested a copy of the tape, noting that defendants had requested copies of any videotapes in their requests for production. Plaintiffs' counsel William Keller stated that he was unaware that the videotape existed, but would follow up with "the other lawyers in the office and find out." Id. Plaintiffs' counsel did not follow up on the request. During plaintiff Hoglund's deposition on October 9, 2008,

Hoglund confirmed that she had seen the videotape. Luhn informed Moran that she had requested the videotape in requests for production and from Keller. Luhn asked Moran if plaintiffs would produce the videotape. Moran refused to answer the question or to discuss the issue. Hoglund Dep. at pp. 114-116. On November 10, 2008, Luhn sent a letter to plaintiffs' counsel requesting, among other items, a copy of the videotape by November 17, 2008.[2] Plaintiffs' counsel did not respond to the letter.

Plaintiffs argue that the motion should be denied because the parties did not meet and confer. That argument ignores the fact that Luhn made three attempts to discuss the matter, none of which was met with any cooperation from plaintiffs. In the first, Keller disclaimed any knowledge. In Luhn's second attempt, Moran steadfastly refused to discuss the issue, then simply ignored her third attempt. Luhn's repeated efforts to discuss the matter in good faith satisfied the meet and confer requirement.

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, or if the disclosure was made after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." In this case, defendants' motion was necessitated by plaintiffs' counsel's refusal to

---

[2] Plaintiffs argue that Luhn stated in her letter that she would not file a motion until after a discovery conference. Moran Decl. at ¶ 7. The letter does not so state. The letter concluded, "*If you object* to providing any of the information and/or articles listed above, please let me know immediately and we will schedule the required discovery conference so that we might avoid filing a motion to compel." Luhn Decl, Ex. E (emphasis added).

ORDER REGARDING
MOTION TO COMPEL - 3

produce the videotape, state that it had been destroyed, or even discuss the matter until after defendants filed this motion. Plaintiffs' counsel's conduct was not substantially justified. Nor are there circumstances that would make an award of fees unjust. Accordingly, the Court awards defendants its fees of $1,562.00[3] incurred in filing this motion. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), those fees must be paid by Moran, not by his co-counsel or by plaintiffs. Moran had knowledge of the videotape but refused to discuss the issue with Luhn or provide any information until defendants filed this motion. Moran must tender payment to defendants within ten days of the date of this order.

The Court also considers whether additional sanctions are warranted. Local Rule 37(a)(2)(A) provides, "If the court finds that counsel for any party . . . willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR 3 of these rules."[4] Moran willfully refused to confer during the deposition, despite Luhn's repeated requests to do so. He

---

[3] The amount of fees requested represents 7.1 hours of work preparing the motion to compel, the supporting declaration, and the proposed order. Luhn Decl. at ¶ 11. Counsel's hourly rate is $220 per hour. The Court finds that the hourly rate, the amount of time spent, and the tasks performed were all reasonable.

[4] General Rule 3(d) provides, "Any attorney or party who without just cause fails to comply with any of the Federal Rules of Civil Procedure or Criminal Procedure, or these rules, or orders of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, . . . or who otherwise so multiplies or obstructs the proceedings in a case so as to increase the cost thereof unreasonably and vexatiously, may, in addition, or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs, and may be subject to such other sanctions as the court may deem appropriate."

ignored Luhn's follow-up letter, stating in his declaration that he expected that "if she was serious about anything on this list of things," she would make yet another attempt to discuss the matter. Moran Decl. at ¶ 6. Moran's conduct evidenced a desire to play games rather than to resolve the matter in a collegial and cooperative manner. On several occasions, he could have resolved the matter efficiently and amicably by simply stating that the videotape had been destroyed. His actions needlessly increased the costs of this litigation. Such petty tactics are unacceptable in this district. Moreover, the tone and content of Moran's response to the motion and his declaration are unprofessional and disrespectful. Plaintiffs' Opposition at p. 3 (accusing Luhn of "showboating for her clients sitting next to her, trying to morph the deposition into a discovery squabble to show how 'tough' she could be to her clients"); Moran Decl. at ¶ 7 (explaining that he ignored Luhn's request to provide signed releases for plaintiffs' files from the Employment Security Department because "we are tired of giving her releases that don't matter in this case and that she seems to lose"). The Introduction to the Civil Rules admonishes,

> [T]he judges in this district are very concerned about professionalism among attorneys, especially in the conduct of discovery. The judges of this district expect a high degree of professionalism from the lawyers practicing before them. . . . There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case.

The Court expects a higher level of professional courtesy and respect in counsel's interactions and filings. The Court therefore imposes an additional $500 sanction on Moran, payable to defendants within ten days of the date of this order, for refusing to

ORDER REGARDING
MOTION TO COMPEL - 5

confer in good faith in violation of Local Rule 37 and for unreasonably and vexatiously increasing the cost of this litigation in violation of General Rule 3.

DATED this 31st day of December, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge